UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                          Chapter 7

Tolly Chovev *aka*                              Case No. 8-12-76414-las
Tolly A. Chovev,

               Debtor.
--------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER

### I.     Introduction

       In this contested matter, the Court must decide whether "cause" exists to dismiss the debtor's bankruptcy case pursuant to 11 U.S.C. § 707(a)[1].  Josef Zloof ("Zloof"), an unsecured creditor holding the single largest claim against the debtor, maintains that this chapter 7 bankruptcy was commenced solely to thwart collection efforts on the malpractice judgment he obtained against the debtor.  In his view, the debtor's prepetition conduct and the filing of this chapter 7 cases constitute bad faith which can serve as cause for dismissal under § 707(a).  The debtor disagrees, insisting that bad faith does not in and of itself constitute cause for dismissal under § 707(a).  Alternatively, the debtor argues that even if bad faith can serve as cause for dismissal under § 707(a), it is reserved for egregious or abhorrent conduct, conduct which he contends is not present in his bankruptcy case.

       Having considered the submissions of the parties, the relevant law, and the record in this case, and for the reasons explained below, the Court holds in favor of the debtor and concludes that Zloof has failed to meet his burden of proof under § 707(a) to dismiss this chapter 7 case.  The motion, therefore, will be denied.  This Memorandum Decision and

---

[1] All subsequent statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., and will hereinafter be referred to as "§ (section number)".

Order will constitute the Court's findings of fact and conclusions of law pursuant to
Bankruptcy Rule 7052, as made applicable to this contested matter by Bankruptcy Rule
9014(c).[2]

## II.    Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334 and
the Standing Order of Reference entered by the United States District Court for the
Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as
amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.
This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) because it concerns the
administration of the debtor's estate.  A bankruptcy judge may hear and finally decide any
core proceeding. 28 U.S.C. § 157(b)(1).  A motion to dismiss under § 707(a) "stems from the
bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v.
Marshall*, 131 S. Ct. 2594, 2618 (2011).  Accordingly, the Court may enter a final decision
and order adjudicating this matter.

## III.    Factual Background[3]

The debtor is a New York State licensed dentist.  Prior to the filing of the debtor's
chapter 7 case, Zloof brought a malpractice action against the debtor in the Supreme Court
of the State of New York, County of Kings.[4]  On July 2, 2009, the Civil Court of the City of
New York, County of Kings[5] decided in favor of Zloof and awarded damages in the amount

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and
to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[3] The relevant facts are not in dispute, except as otherwise indicated.

[4] *See Josef Zloof v Tolly Chovev, D.D.S.*, Index No. 031987/2004 (N.Y. Sup. Ct. Kings County).

[5] *See Josef Zloof v. Tolly Chovev*, Index No. TS-000319-08/KI (N.Y. Civ. Ct. Kings County).

$267,707.00 (the "<u>Malpractice Judgment</u>").[6]  Zloof sought to enforce the Malpractice Judgment and served information subpoenas upon the debtor and his nondebtor spouse, Susie Chovev.  The debtor and his wife failed to respond to the information subpoenas, and consequently were arrested by the Nassau County Sheriff and ordered by the Supreme Court of the State of New York, County of Nassau to respond to the information subpoenas. On October 24, 2012, after service of additional information subpoenas on the debtor, his accountant, and his employer, the debtor filed this chapter 7 case thus staying all collection efforts on the Malpractice Judgment pursuant to § 362(a).  The Malpractice Judgment accounts for roughly 74% of all unsecured claims filed and scheduled by the debtor in this case, and is by far the largest unsecured claim lodged against the debtor.  This is a no asset chapter 7 case and no distribution, therefore, will be made to holders of allowed claims.[7]

According to the schedules and summaries filed by the debtor, he owns no real estate, has no secured debt, and has unsecured priority debt of $52,658.00 and unsecured non-priority debt of $318,753.00, which includes the Malpractice Judgment in the amount of $274,017.95.  He rents a house in Cedarhurst, New York where he lives with his spouse and two daughters. The debtor owns minimal personal property valued at $13,385.00, consisting of his 2004 Toyota Corolla, New York State dental license, dental tools and a rental security deposit.  Except for his New York State dental license, the debtor claimed all his personal property as exempt.  The majority of his debts relate to his dental practice and, as noted above, Zloof holds the largest unsecured non-priority claim against the debtor.

---

[6] The debtor listed the Malpractice Judgment as undisputed in the amount of $274,017.95 in Schedule F to his chapter 7 petition.

[7] On November 26, 2012, the chapter 7 trustee, Allan B. Mendelsohn, Esq., issued a report of no distribution.

The debtor lists his individual monthly income as $8,049.00 in Schedule I, and Mrs. Chovev's income as $1,200.00, for a combined household monthly income of $9,249.00. Although Mrs. Chovev was previously employed as an attorney, she changed careers sometime before the debtor filed his chapter 7 case and is employed as a school teacher. The debtor lists household monthly expenses of $10,250.00, resulting in a monthly deficit of $1,001.00.

The deadline for filing objections to the debtor's discharge or dischargeability of debt was January 22, 2013. Zloof did not commence a proceeding seeking to withhold the debtor's discharge or to determine the dischargeability of the Malpractice Judgment.

### IV.    Procedural History

Zloof moves to dismiss the debtor's chapter 7 case under §§ 707(a) and (b) ("Motion") [Dkt. No. 12]. Within that Motion, Zloof argues that cause exists to dismiss the debtor's bankruptcy case because it was filed solely to stay collection efforts and avoid repayment of the Malpractice Judgement. This, Zloof contends, constitutes bad faith warranting dismissal under § 707(a). With respect to § 707(b), Zloof argues that the debtor inflated his expenses so as to pass the "means test," codified in § 707(b)(2). Zloof insists that had the debtor accurately listed his expenses, he would have failed the means test. The debtor's bankruptcy filing, Zloof maintains, is therefore an abuse of chapter 7 for purposes of § 707(b)(1), and, as such, constitutes grounds for dismissal. Zloof filed a supplemental affirmation in further support of the Motion. [Dkt. No. 18].

The debtor opposed the Motion [Dkt. No. 20]. In his opposition, the debtor contends that his chapter 7 case was not filed in bad faith, and that the "means test" is not dispositive because it only applies to an individual with primarily consumer debts,[8] not

---

[8] The term "consumer debt" is defined in § 101(8) as a "debt incurred by an individual primarily for a personal, family, or household purpose." Under § 707(b)(1), "the court may dismiss a case filed by an individual debtor

business debts. Here, the debtor maintains that the majority of his debts are business debts. Zloof filed a reply [Dkt. No. 22] reiterating many of the same arguments contained in the Motion. He did, however, withdraw his § 707(b) argument, and now contends that the debtor's inflated expenses should instead be considered as additional evidence of bad faith under § 707(a).

The Court held an evidentiary hearing and heard arguments on the Motion. The debtor served as his own witness at the evidentiary hearing and the parties introduced documentary evidence. The debtor was subject to cross-examination by Zloof who appeared *pro se*.[9] At the conclusion of the evidentiary hearing, the Court took the matter under advisement.

## V.    Discussion

Under § 707(a), a chapter 7 case may be dismissed for "cause." Although the Bankruptcy Code does not define the term "cause," § 707(a) lists three nonexclusive illustrations of cause:[10] (1) unreasonable delay by the debtor that is prejudicial to creditors, (2) nonpayment of required fees or charges, and (3) only on motion of the United States

---

under [chapter 7] whose debts are primarily consumer debts, . . . if it finds that the granting of relief would be an abuse of the provisions of [chapter 7]." In determining whether a debt is a consumer debt, courts typically focus on whether the debt was incurred with a "profit-motive." *See In re Grullon*, No. 13-11716 (ALG), 2014 WL 2109924 (Bankr. S.D.N.Y. May 20, 2014) (citing cases).

[9] Zloof was previously represented by Frank Steven Tate, Esq. Mr. Tate prepared the Motion. Due to a breakdown in attorney-client relationship, Mr. Tate withdrew from his representation of Zloof. The Court entered an Order [Dkt. No. 69] terminating Mr. Tate's services, and Zloof has appeared *pro se* in this matter since entry of the Order. Because he is proceeding *pro se*, the Court must liberally construe Zloof's submissions and "interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (internal quotation marks and citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks and citation omitted).

[10] Section 707(a) provides that the court may dismiss a chapter 7 cases "for cause, including . . . ." The introductory word "including" means that the three enumerated types of cause are nonexclusive. *See* § 102(3) ("'includes' and 'including' are not limiting"); *Smith v. Geltzer* (*In re Smith*), 507 F.3d 64, 72 (2d Cir. 2007) ("[T]he three examples given in section 707(a) are illustrative, not exclusive."). *See also* H.R. Rep. No. 95–595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6336; S. Rep. No. 95–989, at 94 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5880 (These causes are not exhaustive, but merely illustrative.").

Trustee, failure of the debtor to file a list of creditors, schedules, and a statement of financial affairs as required under § 521(a).  11 U.S.C. § 707(a)(1)-(3).  The burden to prove cause rests with Zloof, as the moving party.  *In re Aiello*, 428 B.R. 296, 299 (Bankr. E.D.N.Y. 2010).[11]

The determination of what constitutes "cause" to dismiss an individual debtor's chapter 7 case is left to the discretion of the court.  *See In re Smith*, 507 F.3d at 73 ("The determination of whether cause exists is committed to the sound discretion of the bankruptcy court") (quoting *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)); *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 67 (E.D.N.Y. 2012) ("A bankruptcy court has discretion to determine what additional circumstances, not enumerated in the statute, may constitute cause");  *In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016) ("Courts have broad authority to determine what is cause for dismissal under section 707(a)");  6 *Collier on Bankruptcy* § 707.03 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2015) ("The court has substantial discretion in ruling on a motion to dismiss under section 707(a), and in exercising that discretion must consider any extenuating circumstances, as well as the interests of the various parties").

 Zloof asserts two grounds for dismissal of this chapter 7 case, neither of which is among the illustrations of "cause" listed in § 707(a).  First, he maintains that the debtor filed his chapter 7 case solely to stop collection efforts on the Malpractice Judgment, and, second, that the debtor inflated his expenses on Schedule J to his chapter 7 petition.  Both of these grounds, Zloof insists, constitute bad faith, and bad faith can serve as cause for

---

[11] The Court notes that the Third Circuit in *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000) employed a burden shifting analysis – once the moving party questions a debtor's good faith in filing for chapter 7 relief, the burden shifts to the debtor to prove that the case was commenced in good faith. The Court has not employed a burden shifting analysis in deciding this motion to dismiss. *See* 6 *Collier on Bankruptcy* ¶707.03, at 707-11 (16th ed. 2015).

dismissal of a chapter 7 case. With equal certitude, the debtor contends that he is eligible for relief under chapter 7 as he did not file his bankruptcy petition in bad faith, and, in any event, bad faith may not serve as cause to dismiss an individual non-consumer debtor's chapter 7 case under § 707(a). The latter argument is based on the language of § 707(a). Section 707(a), unlike its counterpart, § 707(b), which pertains solely to bankruptcy filers with primarily consumer debts, does not mention "bad faith" as grounds to dismiss a chapter 7 case.[12]

The question, therefore, naturally arises: in considering a motion to dismiss under § 707(a), must a court undertake a good faith inquiry? In other words, is there an implied good faith filing requirement for an individual with primarily non-consumer debts? On this point, courts disagree.[13]

Although the Second Circuit has not yet decided this question, several other circuits have concluded that there is a good faith filing requirement. *See In re Krueger*, 812 F.3d at 370 ("This circuit joins those courts that have held a debtor's bad faith in the bankruptcy process can serve as the basis of dismissal 'for cause,' even if the bad faith conduct is arguably encompassed by other provisions of the Code."); *In re Piazza*, 719 F.3d 1253, 1260-61 (11th Cir. 2013) ("[T]he power to dismiss 'for cause' in § 707(a) includes the power to involuntarily dismiss a Chapter 7 case based on prepetition bad faith."); *Perlin v.*

---

[12] Under § 707(b)(2)(A), if the individual fails the "means test" there is a presumption of abuse, and, as such, grounds for dismissal exist. Even if the debtor passes the "means test" (i.e., the presumption of abuse does not arise) or the presumption is rebutted, the chapter 7 case can still be dismissed under § 707(b)(3) if the court finds either that "the debtor filed the petition in bad faith" or the "totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3)(A) and (B). Additionally, other sections of the Bankruptcy Code expressly impose a good faith requirement. *See* § 1129(a)(3) (chapter 11 plan must be proposed in good faith); § 1325(a)(3) (chapter 13 plan must be proposed in good faith); § 1325(a)(7) (action of the debtor in filing the chapter 13 petition was in good faith).

[13] S*ee In re Grullon*, 2014 WL 2109924 (noting split in authority on whether "bad faith" may serve as "cause" for dismissal under § 707(a)); *In re Ajunwa*, 11-11363 ALG, 2012 WL 3820638 (Bankr. S.D.N.Y. Sept. 4, 2012) (noting split in authority but finding in any event that the petition was not filed in bad faith).

*Hitachi Capital Am. Corp.*, 497 F.3d 364, 369 (3d Cir. 2007) ("[A] debtor's lack of good faith in filing a bankruptcy petition is a proper cause for dismissal under section 707(a)."); *In re Zick*, 931 F.2d 1124, 1127 (6th Cir. 1991) (same).

The Eighth and Ninth Circuits, however, have reached a different conclusion. *See Huckfeldt v. Huckfeldt (In re Huckfeldt),* 39 F.3d 829, 832 (8th Cir. 1994) ("[S]ome conduct constituting cause to dismiss a Chapter 7 petition may readily be characterized as bad faith. But framing the issue in terms of bad faith may tend to misdirect the inquiry away from the fundamental principles and purposes of Chapter 7. Thus, we think the § 707(a) analysis is better conducted under the statutory standard, 'for cause.'"); *In re Sherman*, 491 F.3d 948 (9th Cir. 2007) (following *In re Padilla*, 222 F.3d 1184, 1191 (9th Cir. 2000) which held "cause" rather than "bad faith" is the proper inquiry under § 707(a), and agreeing with the Eighth Circuit in *Huckfeldt* that "bad faith as a general proposition does not provide 'cause' to dismiss a Chapter 7 petition under § 707(a)").

Recently, the Seventh Circuit, while not addressing the split in authority, found cause to dismiss a chapter 7 case under § 707(a) and in so doing found "no need to consider whether [the debtors'] conduct amounts to 'bad faith.' Redundant terminology should be avoided." *In re Schwartz*, 799 F.3d 760, 764 (7th Cir. 2015).

Bankruptcy Courts also disagree on the issue of whether bad faith may serve as "cause" for dismissal under § 707(a). *In re Linehan*, 326 B.R. 474, 481 (Bankr. D. Mass. 2005) ("This Court is persuaded by and adopts the reasoning of the Eighth and Ninth circuits that 'bad faith' does not generally constitute grounds for dismissal of Chapter 7 cases"); *contra*, *In re Zutell,* No. 14-10465, 2016 WL 3194200 (Bankr. D. Vt. May 27, 2016); *In re Murray*, 543 B.R. 484 (Bankr. S.D.N.Y. 2016); *In re Gutierrez*, 528 B.R. 1 (Bankr. D. Vt. 2014); *In re Parikh*, 456 B.R. 4 (Bankr. E.D.N.Y. 2011), *vacated and remanded sub*

*nom. on other grounds by Desiderio v. Parikh*, No. 08-08052-478, 2013 WL 1305499

(E.D.N.Y. Mar. 28, 2013); *In re Mazzella*, No. 9-78449, 2010 WL 5058395 (Bankr. E.D.N.Y.

Dec. 6, 2010); *In re Aiello*, 428 B.R. at 296; *In re Lombardo*, 370 B.R. 506 (Bankr. E.D.N.Y.

2007); *In re Horan*, 304 B.R. 42 (Bankr. D. Conn. 2004); *In re Blumenberg*, 263 B.R. 704

(Bankr. E.D.N.Y. 2001); *In re Griffieth*, 209 B.R. 823 (Bankr. N.D.N.Y. 1996).

Courts holding that "bad faith" is the proper standard for evaluating a motion to

dismiss under § 707(a) employ an exacting standard.  "[T]here is general consensus that the

standard for finding bad faith under § 707(a) is stringent, and 'is generally utilized only in

those egregious cases that entail concealed or misrepresented assets and/or sources of

income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a

large single debt *based on conduct akin to fraud, misconduct, or gross negligence.'" In re

Ajunwa*, 2012 WL 3820638, at *6 (*quoting In re Zick*, 931 F.2d at 1129).  *See In re Piazza*,

719 F.3d at 1253 (finding that debtor filed petition in bad faith because he filed to avoid

paying a large single debt, continued paying debts of insiders, transferred thousands of

dollars each month to his wife, leased a new luxury vehicle for himself and had sufficient

resources to repay at least a portion of his debts); *In re Krueger*, 812 F.3d at 374 ("[T]he

record is replete with evidence that [the debtor] filed bankruptcy for illegitimate purposes,

misled the court and other parties, and engaged in bare knuckles litigation practices,

including lying under oath and threatening witnesses."); *In re Lombardo*, 370 B.R. at 506

(finding bad faith because debtor intentionally deceived her matrimonial attorney into

providing legal services for several years, only to file for bankruptcy with the sole purpose

of frustrating her attorney's attempts to collect outstanding legal fees).  *See also In re

Schwartz*, 799 F.3d at 763-764 (in affirming dismissal of chapter 7 case, court did not

evaluate whether debtors' conduct amounted to bad faith; rather, court found that "[b]y

spending even more than their substantial income for private purposes, [the debtors] depleted the assets available to pay creditors. . . . What the [debtors] failed to do was pay as much of their indebtedness as they could without hardship.  Their actions were deliberate and selfish, and provides good cause for denying the discharge. . . . So we don't like [the Zick] formula, but we agree that an unjustified refusal to pay one's debts is valid ground under [§ 707(a)) to deny a discharge of a bankrupt's debts.").

In contrast, courts holding that "for cause" and not "bad faith" is the proper standard by which to evaluate a motion to dismiss under § 707(a) look to whether the asserted conduct is addressed by a specific Bankruptcy Code provision applicable to chapter 7 cases. If it is, then the asserted conduct may not serve as cause to dismiss under § 707(a) as any prepetition wrongdoing may be remedied under the specific Bankruptcy Code provision rather than under § 707(a).  *See In re Sherman*, 491 F.3d at 948; *In re Grullon,* 2014 WL 2109924, at *4.

In *Sherman*, the Ninth Circuit held that "the SEC and the district chose the wrong vehicle - § 707(a) – for ensuring that [the debtor] paid the contempt and disgorgement judgment debts and did not misuse the bankruptcy process."  *In re Sherman*, 491 F.3d at 970.  In so holding, the court, following its previous decision in *In re Padilla*, 222 F.3d 1184, prescribed a two-part inquiry that a court must undertake in determining whether the challenged conduct constitutes "cause" to dismiss a chapter 7 case under § 707(a) - first, a court must consider whether the misconduct alleged is addressed by any specific Bankruptcy Code provision applicable to chapter 7 cases.  If so, then it may not serve as "cause" for dismissal under § 707.  If, however, it is not so addressed, then the court must consider whether the misconduct alleged may serve as "cause" to dismiss the chapter 7 case under § 707(a).  *Id.* at 970;  *See In re Lusane*, No. 11-00889, 2012 WL 3018050, at *2 (Bankr. D.D.C. July 24, 2012) ("[i]f there are inaccuracies on the schedules or statements,

and they were made fraudulently, that may be grounds for a denial of the discharge under

11 U.S.C. § 727, but that would not establish that [the debtor] filed his petition seeking a

discharge in bad faith"); *In re Bushyhead*, 525 B.R. 136, 151-52 (Bankr. N.D. Okla. 2015)

(finding that if grounds exist to deny a discharge or dischargeability of debt, then an

adversary proceeding should be commenced and the procedural safeguards under the

Bankruptcy Rules and the legal standard under § 727 or § 523 should apply as opposed to a

§ 707(a) motion, especially when the alleged abuse of the bankruptcy process is the

discharge of indebtedness).

Similarly, in a well-reasoned opinion, the Bankruptcy Court in *Grullon* denied a

motion to dismiss for bad faith under § 707(a) finding that because the misconduct alleged

to evidence bad faith was addressed specifically by other Bankruptcy Code provisions, it

"cannot properly constitute grounds for dismissal under a vague general equitable concept

such as 'bad faith.'" *In re Grullon,* 2014 WL 2109924, at * 2.  The court stated that "[i]f a

debtor's conduct is to be considered 'cause' for dismissal under § 707(a)" then "it should be

the type of conduct described in that section—all of which relates to post-petition conduct of

a debtor after the filing… it should be conduct not dealt with elsewhere in the statute." *Id.*

at * 4.

With this legal framework in mind, the Court will evaluate Zloof's motion to dismiss.

In so doing, this Court need not make a definitive determination with respect to whether

bad faith in and of itself may serve as "cause" for dismissal of a chapter 7 case under

§ 707(a) given that the Court finds it would reach the same conclusion – that the request for

dismissal of the debtor's chapter 7 case must be denied – regardless of whether it examines

the asserted conduct under the statutory standard "for cause" or applies a good faith filing

requirement.  The allegations do not amount to the type of misconduct that meets the

stringent standard for finding bad faith under § 707(a), and are addressed, for the most

part, by specific provisions of the Bankruptcy Code. The Court will discuss each of the grounds for dismissal asserted by Zloof in turn.

First, Zloof maintains that the debtor filed his chapter 7 case solely to stop collection efforts and to avoid payment of the Malpractice Judgment. The debtor does not dispute that collection efforts on the Malpractice Judgment precipitated his filing for chapter 7 relief. *See* Debtor's Opposition, ¶24 [Dkt. No. 20]. Filing to ward off collection efforts, however, is not, in and of itself, sufficient to establish cause under § 707(a). "[C]ourts have frequently held that filing for bankruptcy in order to counter the collection efforts of one creditor without further indicia of bad faith is insufficient for dismissal under § 707(a)." *Ajunwa*, 2012 WL 3820638, at *7 (citations omitted) (denying dismissal where debtor filed for bankruptcy in response to a $432,827.50 adverse judgment arising out of debtor's negligent operation of a motor vehicle). *See also In re McVicker*, 546 B.R. 46 (Bankr. N.D. Ohio 2016) (denying dismissal where debtors filed for bankruptcy in attempt to discharge a single large indebtedness arising out of their guarantee of a business debt); *In re Uche*, 555 B.R. 57, 63 (Bankr. M.D. Fla. 2016) (denying motion to dismiss under section 707(a) as a bad faith filing and stating that "if filing bankruptcy to avoid the payment of a debt was cause for dismissal, no debtor could ever be able to file a bankruptcy case."); *In re Mazzella*, 2010 WL 5058395 (denying dismissal where debtor filed for bankruptcy in response to collection efforts on a $1.1 million judgment and finding that the debtor's ignoring of information subpoenas and bankruptcy filing on eve of a contempt hearing did not rise to the level of bad faith that would warrant a dismissal of the chapter 7 case "for cause"); *In re Keobapha*, 279 B.R. 49 (Bankr. D. Conn. 2002) (denying dismissal where debtor filed for bankruptcy in response to a pending wrongful death action). Thus, Zloof's argument that the debtor's chapter 7 case must be dismissed "for cause" under § 707(a) because the debtor used bankruptcy to halt collection efforts fails.

Second, although Zloof insists that several factors considered by the Bankruptcy Court in *In re Lombardo,* 370 B.R. at 511-12, are present here[14] and are further signs of the debtor's bad faith in filing this chapter 7 case, he has failed to offer probative evidence that the alleged misconduct by the debtor is so egregious as to fall within the "bad faith" standard under established case law.  As stated by the court in *Grullon*, "[i]t is not enough simply to list factors and assert they add up to "bad faith." *In re Grullon*, 2014 WL 2109924 at * 4.

On this point, Zloof contends that the debtor has the ability to repay the Malpractice Judgement, but failed to make any lifestyle changes in order to do so.  This, he insists, is sufficient to establish the debtor's "bad faith."  This argument fails for the following reasons.  First, the legislative history to § 707(a) demonstrates congressional intent that the ability to pay one's debts cannot serve as the principal basis to dismiss a chapter 7 case for cause under § 707(a).  "[Section 707(a)] does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy."). H.R. Rep. No. 95–595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6336; S. Rep. No. 95–989, at 94 (1978).  Second, a "can-pay debtor" is subject to dismissal under the § 707(b) abuse provision and the presumption that arises when a bankruptcy filer with primarily consumer debts fails the "means test."  The "means

---

[14] The various factors considered by the *Lombardo* court include: (1) the debtor's manipulations having the effect of frustrating one particular creditor; (2) the absence of an attempt to pay creditors; (3) the debtor's failure to make significant lifestyle changes; (4) the debtor has sufficient resources to pay substantial portion of debts; (5) the debtor inflates expenses to disguise financial well-being; (6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors; (7) the debtor reduced his creditors to a single creditor in the months prior to the filing of the petition; (8) the debtor filed in response to a judgment, pending litigation or collection action, or there is an intent to avoid a large single debt; (9) the unfairness of the use of Chapter 7; (10) the debtor transferred assets; (11) the debtor is paying debts to insiders; (12) the debtor failed to make candid and full disclosure; (13) the debts are modest in relation to assets and income; and (14) there are multiple bankruptcy filings or other procedural 'gymnastics.' *In re Lombardo*, 370 B.R. at 511-12.

test," as codified in § 707(b), is intended to keep the "can-pay" bankruptcy filer with primarily consumer debts out of a chapter 7 case. There is no parallel provision in § 707(a) for examining a bankruptcy filer's future projected income to determine whether he or she has the ability to pay more to creditors under a chapter 11 or chapter 13 plan. Third, even if the "for cause" inquiry includes consideration of a debtor's income and expenses, i.e., the ability to repay debt, Zloof did not introduce any probative evidence to refute the debtor's testimony that he does not maintain a lavish lifestyle. Based on the debtor's testimony, he lives modestly. The debtor does not own any real property, drives an 11 year-old car with 102,000 miles on it, owns few personal assets, and does not spend money on luxury goods. Those courts that have considered a debtor's ability to pay as indicia of "bad faith" or "cause" to dismiss under § 707(a) emphasize the lavish lifestyle led by the bankruptcy filer. *See In re Schwartz*, 799 F.3d at 763-64; *In re Piazza*, 719 F.3d at 1274. Here, the debtor's unassuming lifestyle does not factor into the "bad faith" calculus. Accordingly, Zloof's argument that the debtor simply used bankruptcy as a refuge from having to pay the Malpractice Judgment and that he had sufficient resources to repay the Malpractice Judgment likewise fails.

Lastly, Zloof asserts that the debtor's schedules filed with the chapter 7 petition do not accurately reflect his true financial picture. In particular, Zloof insists that the debtor inflated his expenses and minimized his income so as to arrive at a monthly deficit of $1,001.00. *See Schedule I* (current income listed as $9,249) and *Schedule J* (current expenditures listed as $10,250). [Dkt. No 1]. This, Zloof contends, demonstrates "bad faith" sufficient to establish "cause" to dismiss the debtor's chapter 7 case under § 707(a). This argument fails for two reasons. First, no evidence was presented to the Court on which a determination can be made that the debtor committed a false oath by failing to disclose assets or liabilities, or by inflating expenses while minimizing income. The record lacks

14

non-speculative evidence that the debtor submitted inaccurate schedules, statements and summaries of his economic state.  Accordingly, on a barren record, the Court cannot consider whether this allegation meets the criteria for "cause" under § 707(a).  Second, § 727(a)(4)(A) specifically addresses instances in which a debtor is alleged to have made a false oath.  Section 727(a)(4)(A) specifies that a debtor will not receive a discharge if he or she "knowingly and fraudulently, in or in connection with a case – made a false oath or account." 11 U.S.C. § 727(a)(4)(A).  Because the circumstance alleged by Zloof to constitute "cause" is addressed under a specific provision of the Bankruptcy Code, it does not constitute "cause" to dismiss a chapter 7 case under § 707(a). *See Aiello*, 428 B.R. at 303 ("[s]ection 707(a) should be limited to extreme misconduct falling outside the purview of more specific Bankruptcy Code provisions.");  *In re Sherman*, 491 F.3d at 970; *In re Grullon*, 2014 WL 2109924, at *4.

**VI.    Conclusion**

While the Court is sympathetic to Zloof's plight, and his frustration is understandable as this is a "no-asset case" and he will not receive any distribution on his claim, the Court is duty-bound to apply the law as it exists.  Accordingly, based on the foregoing and the record in this case, the motion to dismiss the debtor's chapter 7 case under § 707(a) is denied.

So ordered.



**Dated: October 12, 2016**
**Central Islip, New York**

*Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**